# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

STEVE WYNALE GRIFFIN,

      Defendant-Appellant.

UNPUBLISHED
August 23, 2018

No. 338160
Jackson Circuit Court
LC No. 16-004348-FH

Before: MURPHY, P.J., and GLEICHER and LETICA, JJ.

PER CURIAM.

Defendant was convicted by a jury of one count of resisting and obstructing a police officer, MCL 750.81d(1). He was sentenced as a fourth habitual offender, MCL 769.12, to 36 to 180 months' imprisonment. Defendant's minimum sentence guidelines range was 2 to 34 months, and on appeal, he solely challenges the two-month upward departure. We conclude that the 36-month minimum sentence was reasonable in that it was proportionate to the seriousness of the circumstances surrounding the offense and the offender. The trial court did not abuse its discretion with respect to the decision to depart from the guidelines range and in regard to the extent of the departure. Accordingly, we affirm.

A police officer activated his cruiser's emergency lights and attempted to pull over a truck being driven by defendant. Defendant, however, refused to stop, accelerating and pulling away from the officer. The officer activated his siren, yet defendant continued to flee, increasing his speed to about 80 miles per hour. Defendant's truck then veered off the roadway, crossed over a ditch, broke through the chain-link fence of a business, and came to a stop in the business's parking lot. Defendant fled on foot and was not apprehended at the time, although a passenger in the truck was caught a couple hundred feet from the vehicle. Defendant was subsequently arrested. Shortly before the pursuit had occurred, defendant had allegedly been involved in a breaking and entering of a vehicle at a car dealership. The jury could not reach a verdict on charges of breaking and entering a vehicle, MCL 750.356a(3), and third-degree fleeing and eluding, MCL 257.602a(3)(a), but jurors did convict defendant of resisting and obstructing a police officer. Defendant's presentence investigation report (PSIR) indicated that defendant had six prior felonies and ten prior misdemeanors. The PSIR also revealed that defendant was on active probation in both Oakland County and Washtenaw County at the time of the offense.

-1-

With respect to the scoring of the guidelines, defendant was assessed 30 points under prior record variable (PRV) 2, MCL 777.52(1)(a), because he had "4 or more prior low severity felony convictions," assessed 5 points under PRV 5, MCL 777.55(1)(d), because he had "2 prior misdemeanor convictions,"[1] and he was assessed 10 points under PRV 6, MCL 777.56(1)(c), because defendant was "on . . . probation." Defendant's total PRV score was 45 points, placing him at PRV level D on the sentencing grid for Class G offenses, MCL 777.68, under which the sentencing offense fell, MCL 777.16d. Defendant was assessed 10 points under offense variable (OV) 13, MCL 777.43(1)(d), because "[t]he offense was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person or property," and he was assessed 10 points under OV 19, MCL 777.49(c), because he "interfered with or attempted to interfere with the administration of justice." Defendant's total OV score was 20 points, placing him at OV level III on the applicable sentencing grid. MCL 777.68; MCL 777.16d. Taking into consideration the fact that defendant was a fourth habitual offender, MCL 777.21(3)(c), his minimum sentence guidelines range was 2 to 34 months' imprisonment. There were and are no challenges to the scoring of the OVs and PRVs.

At sentencing, the trial court imposed a minimum sentence of 36 months' imprisonment, exceeding the top end of the guidelines range by two months. The trial court explained:

> Well, Mr. Griffin, in balancing the various goals of sentencing: to punish, to deter, looking at the protection of the community, looking at your individual rehabilitation and individualizing the case to fit your situation, you present to the court at 47 years of age. You got six felonies, ten misdemeanors. You're on probation in two different counties: Oakland County for larceny from a motor vehicle as a fourth habitual offender, Washtenaw for larceny from a . . . motor vehicle and receiving and concealing stolen property . . . .
>
> [I]'m not going to sentence you on the basis of what the jury didn't convict[] you, but you stand before the court, as your seventh felony as a fourth habitual offender and the court is going to sentence you to three (3) years to fifteen (15) years . . . .
>
> * * *
>
> I would note that . . . in considering the serious nature of the fact that he's got a significant criminal history. Was on probation in two different counties was one of the reasons that I departed from the guidelines by two months.

On appeal, defendant argues that the trial court, in imposing the departure sentence, did not point to any reasons not already adequately accounted for under the guidelines, nor did the

---

[1] It appears from the record that many of defendant's past misdemeanor convictions could not be counted because of the nature of the convictions. MCL 777.55(2) (setting forth the type of misdemeanor convictions that can be counted for purposes of PRV 5).

court even attempt to justify the departure. Defendant maintains that the sentence was unreasonable.

We review for reasonableness "[a] sentence that departs from the applicable guidelines range." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). In *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017), our Supreme Court elaborated on the "reasonableness" standard, explaining:

> [T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the "principle of proportionality" set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), "which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender."

The key test is not whether a sentence departs from or adheres to the guidelines range, but whether the sentence is proportionate to the seriousness of the matter. *Steanhouse*, 500 Mich at 472. "The premise of our system of criminal justice is that, everything else being equal, the more egregious the offense, and the more recidivist the criminal, the greater the punishment." *People v Babcock*, 469 Mich 247, 263; 666 NW2d 231 (2003). Trial judges are "entitled to depart from the guidelines if the recommended ranges are considered an inadequate reflection of the proportional seriousness of the matter at hand." *Milbourn*, 435 Mich at 661. A sentence within the guidelines might be disproportionality lenient. *Id.* "Where a defendant's actions are so egregious that standard guidelines scoring methods simply fail to reflect their severity, an upward departure from the guidelines range may be warranted." *People v Granderson*, 212 Mich App 673, 680; 538 NW2d 471 (1995). In *People v Steanhouse*, 313 Mich App 1, 46; 880 NW2d 297 (2015), aff'd in part, rev'd in part on other grounds 500 Mich 453 (2017), this Court observed:

> Factors previously considered by Michigan courts under the proportionality standard included, among others, (1) the seriousness of the offense; (2) *factors that were inadequately considered by the guidelines*; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [Emphasis added; citations omitted.]

Here, we cannot conclude that the trial court abused its discretion by sentencing defendant to 36 to 180 months' imprisonment. Although PRV 6 provides for an assessment of 10 points when an offender is "on . . . probation," MCL 777.56(1)(c), defendant was on probation in two different counties when he committed the sentencing offense. The trial court mentioned this fact twice at sentencing, specifically referencing it when explaining why it was deviating from the guidelines range. It is reasonable to conclude that a defendant being on probation in two different counties is a factor that is inadequately considered under PRV 6, although it should not be given too much weight.

Furthermore, it is also reasonable to conclude that PRV 2, which provides a top score of 30 points that applies when an offender has four or more prior low severity felony convictions,

MCL 777.52(1)(a), does not adequately account for a situation in which a defendant has six such felonies, although it would not justify a significant departure. The same can be said for the increase in the top end of the guidelines range based on defendant being a fourth habitual offender, where six prior felonies are given the same application as three prior felonies. MCL 769.12; MCL 777.21(3)(c). And while the Legislature only permitted consideration of two of defendant's ten prior misdemeanor convictions for purposes of scoring PRV 5, MCL 777.55(1)(d), the fact remains that defendant did indeed have ten misdemeanor convictions, an inordinate amount, even if not as egregious as the types of misdemeanors that are encompassed by PRV 5. Therefore, it is reasonable to conclude that PRV 5 did not adequately consider defendant's criminal history relative to misdemeanor convictions. The trial court exceeded the guidelines range primarily because of defendant's extensive criminal history.

Appellate counsel for defendant states that the trial court "never acknowledged that he was, in fact, exceeding the guidelines," later renewing the claim by writing that the court "did not even appear to recognize that the sentence [it] chose was a departure." Had appellate counsel read a couple pages further and to the end of the sentencing transcript, which was only eight pages in total, he would have seen the court's remarks mentioned above that defendant's criminal history and the two open probation cases were why it "departed from the guidelines by two months."

In sum, the 36-month minimum sentence was reasonable in that it was proportionate to the seriousness of the circumstances surrounding the offense and the offender. The trial court did not abuse its discretion with respect to the decision to depart from the guidelines range and in regard to the extent of the departure, which was minimal to say the least.

Affirmed.

/s/ William B. Murphy
/s/ Elizabeth L. Gleicher
/s/ Anica Letica

-4-